### IN THE

# *Supreme Court of Errors*

#### OF THE

## STATE OF CONNECTICUT,

### IN JUNE TERM, 1819.

————⊃:::::※:::::⊂————

### The town of BARKHAMSTED *against* PARSONS.

In an action to recover a penalty given by statute, it is sufficient if it appear from the declaration, that the action is brought upon, and that the offence charged is a breach of, that statute, though the averment *contra formam statuti* be omitted.

In such action, the declaration need not, and ought not, to conclude *ad damnum*, as the plaintiff's right to the penalty does not accrue until the bringing of the action, and he cannot have sustained any damage, by a previous detention of it.

A town may sue by the description of *A. B. and the rest of the inhabitants of such town*, instead of using the corporate name merely.

Several penalties, incurred by a single act, may be sued for in one action, before a court having jurisdiction of the aggregate sum.

Where an inhabitant of another state, without coming into this state himself, procured, through the intervention of an agent, the commission of an offence within, and against the laws of, this state; it was held, that he was amenable to justice in our courts, in the same manner, and to the same extent, as though he had come here, and committed such offence in his proper person.

A certificate of the town-clerk of *B.*, that a person was, in *September*, 1812, by the civil authority and select men, declared to be legally qualified to be admitted a freeman, accompanied by parol proof that he was so admitted, is not evidence to prove, that he was, at that time, an inhabitant of such town.

*June* 11.

$\frac{3}{74}$ $\frac{1}{243}$

$\frac{3}{77}$ $\frac{1}{266}$

THE plaintiffs were thus described: "*Amos Beecher*, and the rest of the inhabitants of the town of *Barkhamsted*." They

New-Haven,
June,
1819.

Barkhamsted
v.
Parsons.

brought their action on a certain statute law of this state, enti-
tled "*An act for the admission of inhabitants in towns, and for
preventing charge on account of such as are not admitted there-
in,*" declaring, "that by the said statute, it is among other
things, enacted, that *any person who shall bring into this state
any poor and indigent person, and leave him or her in any town
within the same, of which town he or she is not an inhabitant,
such person, so bringing in and leaving such poor and indigent
person, shall forfeit and pay, for every such person so brought in
and left, the sum of sixty-seven dollars, to be recovered in any
court proper to try the same, to and for the use of such town ;(a)*
that the defendant, on the 10th of *April* 1817, did bring into
this state one *Polly Smith,* a poor and indigent person, and
three other persons, the children of the said *Polly,* whose
names are to the plaintiffs unknown, all then being, and con-
tinuing to be, poor and indigent persons ; that the defendant,
having so brought the said *Polly* and her said three children
into this state, as aforesaid, did then leave the same within the
said town of *Barkhamsted,* where the said *Polly* and her said
children have ever since remained ; that the said *Polly* and
her said three children, when they were brought into this state,
and left in the said town of *Barkhamsted,* as aforesaid, were
not inhabitants of said town of *Barkhamsted,* nor of this state ;
and that, by reason of the premises, and by force of said stat-
ute, the defendant has forfeited, and become liable to pay to
the plaintiffs, sixty-seven dollars for each of the persons so
brought into this state, and left in the said town of *Barkham-
sted,* as aforesaid, amounting, in the whole, to two hundred and
sixty-eight dollars ; which sum the defendant has never paid,
nor any part thereof, though often requested and demanded ;
and for the recovery thereof, and just costs, the plaintiffs bring
this suit." The action was made returnable, and was return-
ed, to the county court of *Litchfield* county ; from which it
was appealed, by the defendant, to the superior court.

The cause was tried in the superior court, at *Litchfield,
February* term, 1819, before *Edmond, Smith* and *Gould,* Js.

The defendant, at the time referred to in the declaration,
was an inhabitant of *Granville* in *Massachusetts. Polly Smith*
and her three children were brought into the town of *Bark-
hamsted,* and left there, by a son of the defendant, then a minor,

(a) *Tit.* 91. *s.* 9.

living with him, and under his controul.    The plaintiffs offer-
ed to prove, that the defendant, in *Granville*, without the lim-
its of this state, procured and directed his son to bring, and
leave these persons in *Barkhamsted*.   The defendant object-
ed to this evidence, on the ground that the acts in question
were not done within the jurisdiction of the courts of this state,
and constituted no offence against the laws of this state.    The
court overruled the objection, and admitted the evidence.

It also appeared, that *Polly Smith* was the lawful wife of
*Obed Smith*, deceased ; and that said three children were their
legitimate offspring.   Previous to the 21st day of *September*,
1812, *Obed Smith* was a settled inhabitant in some one of the
*United States*, but had no legal settlement in this state.    The
defendant claimed, that he was then admitted an inhabitant of
*Barkhamsted*, by the civil authority and select men of the
town ; and that his settlement, of course, became that of his
wife and children.    To establish this claim, the defendant of-
fered in evidence a certificate of the town-clerk of *Barkham-
sted*, that *Obed Smith*, being a resident of that town, on the
21st of *September*, 1812, was, by the civil authority and se-
lect men thereof, declared to be legally qualified to be ad-
mitted to the freeman's oath ; the defendant also offering to
prove by parol, that *Smith* then took the freeman's oath.   To
the admission of this evidence the plaintiffs objected ; and
the court decided that it was inadmissible.

After a verdict in favour of the plaintiffs for the sum de-
manded, the defendant moved for a new trial, on the ground
that the evidence offered by the plaintiffs was improperly ad-
mitted, and that offered by the defendant was improperly re-
jected.    The defendant also moved in arrest of judgment for
the insufficiency of the declaration, on several grounds :
first, because the action is not brought by the *town*, in its
corporate name and capacity ; secondly, because the acts
complained of are not alleged to have been done *contra for-
mam statuti* ; thirdly, because the declaration does not con-
clude *ad damnum* ; and fourthly, because it appears from the
declaration, that the superior court had not jurisdiction of
the cause.    Both motions were reserved for the consideration
and advice of all the Judges.

*P. Miner*, in support of the motions, contended, 1. That
in an action on a statute, which creates an offence, or gives a

Barkhamsted
v.
Parsons.

remedy, not existing at common law, the acts complained of must be averred to be *contra formam statuti*. *Faulkner's* case, 1 *Saund.* 249. *The King* v. *Dickenson*, 1 *Saund.* 135, and note (3) by *Williams. Hawk. P. C. lib.* 2. *c.* 25. *s.* 116. This is a case in which it is peculiarly proper that precedents should govern. But, aside from precedents, there is good reason why this allegation should be required. If the acts complained of are not against the statute, they constitute no offence whatever, and lay no foundation for a recovery. If the plaintiff omits this allegation, he omits that which is essential to shew his right of action. A reference to the statute, describing it, or reciting its title, does not supply the place of a distinct and positive allegation.

2. That the statute having given the penalty to the *town*, the action ought to have been brought in the *name* of the town, and not by *Amos Beecher* and the rest of the inhabitants—persons in whose favour the statute has made no provision. It will not remove the objection, to say, that the inhabitants of *Barkhamsted* constitute the body politic called by that name ; for, the inhabitants of *Barkhamsted* are still so many *individuals*, and are, in the eye of the law, as distinct from the artificial person, called *The Town of Barkhamsted*, as an equal number of individuals residing in another county. The stockholders of a bank constitute the company ; but if a note be given or indorsed to the company, can a suit be brought upon it, in the name of *A. B.* and the rest of the stockholders ?

3. That the penalty given by the statute, for any one offence within it, being sixty-seven dollars only, a sum below the jurisdiction of the superior court, the plaintiffs could not give that court jurisdiction, by uniting several offences in one declaration.

4. That the evidence adduced by the plaintiffs, to prove acts done by the defendant within the jurisdiction of another government, ought not to have been received. This action is brought on a penal statute of this state. The defendant is here charged with a criminal offence. The only ground on which a man is amenable to the criminal laws of a state, is, that he owes allegiance to its government ; and he owes allegiance to a government only on the ground that he is within its protection ; and no one is within its protection, who is not either a native citizen, or personally within its territorial jurisdiction.

But the defendant has had no claim by birth, or even a momentary residence in this state, to protection from its government; and has never *owed allegiance to our government. He is not, like our own citizens, to be presumed to know our laws. On the contrary, the laws of another state are presumed to be *unknown*, until they are proved *as facts*. It is no satisfactory answer, to say, that the defendant has done the acts complained of, within the limits of this state *by his son*. What the son did within the limits of this state was not objected to. This would have been very harmless, so far as the defendant was concerned, but for proof of the defendant's acts *without* the limits of this state. It is with reference to *those acts*, that the defendant insists, that he is not amenable to our laws. 1 *Black. Comm.* 369, 370. *Folliott* v. *Ogden*, 1 *H. Black.* 135. 1 *East's P. C.* 50. 52.

5. That the certificate of the civil authority and select men of *Barkhamsted* ought to have been admitted. By the act relating to the admission of inhabitants, a legal settlement in a town may be gained, "by consent of the civil authority in and select men of such town." (*a*) By the statutes relating to freemen, persons having certain qualifications, one of which is inhabitancy in this state, may be admitted freemen, on their procuring the civil authority and the select men " *of the town wherein such persons inhabit*," to certify their qualifications.(*b*) It follows necessarily, that a certificate given in pursuance of these statutes, imports that the person therein mentioned, was an inhabitant, not only of this state, but of the town wherein he was admitted.

6. The declaration ought to have concluded to the *damage* of the plaintiffs. *Com. Dig. tit.* Pleader, C. 84. *Robert Pilford's* case, 10 *Co.* 116. *b.* 117. *a. b.*

*Benedict*, contra. 1. In all cases where an action is founded on a statute only, it is necessary to shew, in some manner, that the acts complained of constitute an offence against the statute; but this may be done otherwise than by concluding *contra formam statuti*. In this case, the plaintiffs begin, by declaring, that they bring their action *on the statute* in question, reciting its title; they then set out the words, the very *form* of that part of the statute, against which the defendant had offended;

*New-Haven,*
*June,*
1819.

Barkhamsted
*v.*
Parsons.

(*a*) *Tit.* 91. *s.* 1. (*b*) *Tit.* 76. *c.* 1. *s.* 3. and *c.* 2. *s.* 1.

*New-Haven,*
*June,*
*1819.*

*Barkhamsted*
*v.*
*Parsons.*

they then state the offence, which is seen, by the court, to be a direct violation of the statute. This is all that the rule, either in its letter or spirit, requires. It shews, that the plaintiffs proceed upon the statute, and that the acts complained of are a breach of the statute. *Lee* v. *Clarke,* 2 *East,* 333. 340, 1.

2. The description of the plaintiffs is conformable to long established and universal practice in this state. No evil has resulted, or can result from it; and there can be no good reason for changing it.

3. The offence charged and proved consists of a single indivisible act, *viz.* that of b━━━━ *Polly Smith* and her three children into the town of *Bar━━amsted.* The number of persons brought in, furnishes the measure of the penalty, but does not affect the integrity of the action. For one entry upon land, and the cutting of ever so many trees, but one action will lie; though the amount of damages will vary with the greater or less number of trees cut. So where a penalty is inflicted for every month's breach of law, or neglect, or default of duty, the plaintiff must demand in one action all the penalties, which, he claims, have accrued. *Shoyle* v. *Taylor, Cro. Jac.* 178. *Parker* v. *Carson* & ux. *Cro. Jac.* 529. 2 *Hawk. Pl C.* 378.

4. The evidence of the defendant's acts in *Massachusetts* was properly admitted, not on the ground that those acts constituted an offence against the government of that state, but that they proved an offence *in this state,* committed by the defendant, through the agency of his son.

5. The certificate offered by the defendant was properly rejected; as it did not prove the settlement of *Obed Smith* in *Barkhamsted.* In order to his being admitted a freeman in *Barkhamsted,* it was only necessary that he should have been an inhabitant of *this state,* residing in that town, and possessing the requisite qualifications as to property and character.

6. The declaration concludes with demanding the penalties given by the statute and costs; which are all the *damages* that the plaintiffs have a right to claim. It would have been improper to conclude *ad damnum.*

HOSMER, Ch. J. The first objection raised to the judgment of the superior court is, that the acts complained of by the plaintiffs are not averred, as by law they should have been, to

New-Haven,
June,
1819.
~~~~~~
Barkhamsted
v
Parsons.

have been committed *contra formam statuti.* 1 *Chitt. Plead.* 357, 8, 9. *Com. Dig.* tit. Action upon statute, H. I. The statute is referred to by its title, and the expressions comprising the offence are recited. The declaration then alleges, " that by reason of the premises, and that by force of the statute," the defendant has become liable to the prescribed penalty. The averment *against the form,* &c. is required merely to shew, that the action is brought on the statute. " Every offence for which a party is sued or indicted, is supposed to be prosecuted as an offence at common law, unless the prosecutor, by reference to a statute, shews that he means to proceed upon it; and without such express re......e, if it be no offence at common law, the court will not look to see if it be an offence by statute." *Lee v. Clarke,* 2 *East,* 340. No precise form of allegation is required, although the one supposed to be necessary is the most usual. Now, the plaintiffs have clearly shewn, that their reliance is on the statute. They have referred to it, by its title, which they have recited; and they have averred, that by reason of their allegations, and by force of the statute, they have a right to recover. In *Lee* v. *Clarke, Lawrence,* J. intimates an opinion, that these expressions are sufficient; and on this head, I think, there can exist no reasonable doubt.

It is next objected, that the corporation has not sued by its corporate name, but by the description of " *Amos Beecher* and the rest of the inhabitants of *Barkhamsted.*" Were this a novelty, it would merit attention; but the uniform course of practice in this state, has sanctioned this mode of describing a corporate body, instead of using the corporate name merely.

It is further objected, that the penalty of the statute, taken singly, is below the jurisdiction of the superior court; and that it may not be cumulated in the same action. To this I reply, that the act complained of is *single,* and *constitutes but one offence.* In *Parker* v. *Carson* & ux. *Cro. Jac.* 529. the defendants were informed against for eleven months absence from church, contrary to 23 *Eliz. c.* 1. *s.* 5. That statute prescribed a penalty of 20*l.* a month, for every month's omission to repair to some chapel, or usual place of common prayer. A recovery was had for 220*l.* the whole sum demanded. So, on the statute, 5 *Eliz. c.* 4. which imposes 2*l.* a month as a penalty for exercising a trade without having served an appren-

*New-Haven,*
*June,*
*1819.*

Barkhamsted
*v.*
Parsons.

ticeship, one suit comprising penalties for eleven months successive service, was sustained. *Shoyle v. Taylor, Cro. Jac.* 178. In an action of trover, brought to recover damages for the conversion of a bed, it has been determined, that a judgment before rendered for the conversion of three bed-quilts, taken at the same time, was a bar; because the seizure of the bed and bed-quilts was one *single, indivisible* act. *Farrington & al. v. Paine,* 15 *Johns. Rep.* 432. And on the statute of this state for detecting and punishing trespasses, (*a*) penalties are constantly accumulated in one action, although the forfeiture prescribed is literally single, for the cutting of every tree. Now, in the case before us, the unity of the act was more perfect than either of the cases cited. The mother and children were brought into *Barkhamsted* by the same act, at the same time, and were left there, by the same cessation of action. It would be against the interest of all concerned, and in opposition to well established principles, if it were required, that a *single act* should be prosecuted by numerous actions, because it authorized the infliction of several penalties, which, with the most perfect justice and convenience, could be united in one aggregate sum.

It is conceded, that the defendant, an inhabitant of *Massachusetts,* did not personally bring the paupers into the town of *Barkhamsted;* but that he sent them there under the care of his son. On this foundation, it has been contended, that bound by no tie of allegiance to this government, the defendant cannot have the act of his agent imputed to him. This assertion is gratuitous, and destitute of any support. The principle of common law, *Qui facit per alium, facit per se,* is of universal application, both in criminal and civil cases; and he who does an act in this state, by his agent, is considered as if he had done it in his own proper person.

It appears, that *Obed Smith,* the husband and father of the paupers, once resided in *Barkhamsted,* and was there admitted a freeman. It has been contended, that the certificate of the civil authority and select men evincing his qualifications, one of which is, that he was an inhabitant of this state, is conclusive to prove, that he was an inhabitant of *Barkhamsted.* For this argument there is no foundation. The certificate does not purport, that he was an inhabitant of any town; and

(*a*) *Tit.* 165. *c.* 1.

if it did, it would be conclusive only on his admissibility as a freeman.

The defendant has further objected, that the plaintiffs have not formally demanded damages. It was unnecessary, and would have been incorrect, if they had done it. The action is not founded on damage. The plaintiffs' right to the penalty did not accrue until the bringing of the action; and they cannot have sustained any damage, by a previous detention of the penalty. 1 *Chitt. Plead.* 397. *Frederick* v. *Lookup,* 4 *Burr.* 2021. *Cuming* v. *Silby,* 4 *Burr.* 2490.

I would advise, that no new trial be granted; and that judgment be not arrested.

The other Judges were of the same opinion.

New trial not to be granted; and
Judgment not to be arrested.