## The State vs. Chapin.

The Circuit Courts of this State have jurisdiction of offences if committed within the county, and of the persons of those committing them, when brought into court, whether voluntarily or by legal coercion.

It is not necessary, in all cases, that a man should be actually present in this State to make him amenable to our laws for a crime committed here, if the crime is the immediate result of his act.

An accessory before the fact, in another State, to a *felony* committed here—as where an agreement or conspiracy is entered into in another State, to commit the felony in this—is guilty of a crime in the State where he becomes an accessory, and is answerable there; while the principals, who commit the felony, are indictable here.

### *Error to Phillips Circuit Court.*

Hon. CHARLES W. ADAMS, Circuit Judge.

JORDAN, Attorney General, for the State.

FOWLER & STILLWELL, for defendant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an indictment for arson, determined in the Phillips Circuit Court.

*Adams Chapin*, with John N. Cummings, William H. Holland and others, was charged with the burning of the steam-boat *Martha Washington* on the Mississippi river, in the county of Phillips, on the 14th January, 1852. In some of the counts in the indictment, *Chapin* was charged as principal, and in others, as accessory before the fact.

He filed the following plea to the indictment:

"And the said Adams Chapin, &c., &c., &c., saith that the court here ought not to take cognizance of the arson and felony in the

41c

said indictment above specified, because, protesting that he is not guilty of the same; nevertheless, the said Adams Chapin saith that at the said several times when the said supposed offences set forth in the several counts of the said indictment were as therein alleged committed, he was not, nor was he at any time prior thereto, in the said State of Arkansas, or in the said county of Phillips, but was then, and for a long time before and after said time, a citizen of the State of Ohio, one of the sovereign States of the United States of America, where he was actually present at the said time, &c., and this he is ready to verify; wherefore he prays judgment," &c.

To this plea the State replied as follows:

*Precludi non*, &c., "because she says, that, although the said Adams Chapin is, and was a citizen of the State of Ohio, &c., at the time, and as stated in said plea, and although at the time of, and during the commission of the offence alleged and charged in said indictment, was personally present in the State of Ohio, and had been before that time, and afterwards in said State, and not in the county of Phillips, and State of Arkansas, in person, as he hath above thereof alleged, but the said plaintiff in fact says that the said Adams Chapin did, while in the said State of Ohio, conspire to, and with divers other persons, amongst whom was one John N. Cummings and William H. Holland, to procure, and did then and there advise and counsel the burning of the said steam-boat, Martha Washington, in the said county of Phillips, as charged in said indictment; and the plaintiff avers that, in pursuance of said conspiracy, aid, counsel, advice and encouragement so given by the said Adams Chapin, to and with divers other persons, and amongst whom were the said John N. Cummings and William H. Holland, the said John N. Cummings and the said William H. Holland, did, on the 14th day of January, 1852, in the county of Phillips, in the State of Arkansas, burn said steam-boat Martha Washington, and the said defendant therefore was, while in the said State of Ohio, accessory before the fact, to the burning of said steam-boat, in the county

of Phillips, in the State of Arkansas aforesaid, and did advise and counsel, and encourage the same in manner and form as charged in said indictment, and was in construction and contemplation of law, present at the commission of said offence, *to wit:* at the county of Phillips aforesaid: and the said State of Arkansas further says, that the said Adams Chapin, after the commission of said offence as charged in said bill of indictment, came within, and now is within the said county of Phillips, and within the jurisdiction of this court; without this, that said defendant is not guilty as charged in said bill of indictment, in construction and contemplation of law, and was not in the said county of Phillips, and State of Arkansas, at the commission of said offence as he hath above thereof alleged; and this, the said State of Arkansas is ready to verify, wherefore she prays judgment," &c.

To this replication the defendant rejoined as follows:

"That the court here ought not to take cognizance of the arson and felony aforesaid, by reason of anything contained in the replication of the said State of Arkansas to the plea of said defendant, &c., because, protesting as heretofore, that he is not guilty of the same, or the said supposed conspiracy charged in said replication, or the felonious burning of the said steam-boat, *Martha Washington,* by the said John N. Cummings and William H. Holland, as charged in and by said replication, at the time and place aforesaid; nevertheless, the said Adams Chapin saith, although he, the said defendant, did come into the said State of Arkansas, after the commission of the said supposed conspiracy, and the arson of the said steam-boat, by the said John N. Cummings and William H. Holland, as aforesaid, and is now present within said State of Arkansas, yet he, in fact, saith that he did not so come into said State voluntarily and of his own accord, but that long after said supposed offences, he the said defendant, was forcibly brought within the limits thereof, by and under the power and authority of a warrant issued by the Governor of the State of Ohio, based and predicated upon a requisition made

upon him by the Governor of the State of Arkansas, under the law in such cases made and provided, and that he is now here and within said State of Arkansas, not voluntarily, but under said original arrest, and forcible as pertains to this State in consequence of a recognizance entered into by him in this court at the last term thereof, for his appearance at this term, as appears by said record now remaining in this court: and this, the said defendant is ready to verify, wherefore," &c.

The State demurred to the rejoinder, in short by consent, the court overruled the demurrer, and the State resting, final judgment was rendered discharging the defendant.

The State brought error.

The only matter set up in the rejoinder in avoidance of the matter of the replication is, that the defendant did not come into this State voluntarily, but was brought here upon a requisition of the Governor, forcibly and against his will. This, though responsive to one allegation of the replication, is no answer to what we deem its substantial and essential matter. If the defendant committed an offence against our laws in Phillips county, the Circuit Court of that county had jurisdiction of the offence, and when he was brought into court it had jurisdiction of his person, whether his appearance was voluntary or by legal coercion, and without regard to his citizenship. *Adams vs. The People*, 1 *Comstock Rep.* 179; *The People vs. McLeod*, 25 *Wend.* 573, 574; *Smith Ex parte* 3 *McLean's Rep.* 134, 135.

When a citizen in another State commits a high crime in this, if the jurisdiction of our courts over his person depended upon his voluntary appearance before the tribunal, or within our territorial limits, the criminal, in most instances, would, doubtless, go unpunished.

But the demurrer reaches back to the replication, and we must determine whether it is a sufficient answer to the plea or not.

The plea is, that at the time the arson was committed, the defendant was a citizen of, and present in the State of Ohio, and

was not in Phillips county, Arkansas, where the crime was perpetrated.

The replication confessing this, attempts to avoid it by alleging that the defendant was an accessory before the fact, in Ohio, to a felony committed by his co-conspirators, and the principals in the crime in Arkansas.

By our Bill of Rights, (*sec.* 11,) the accused is entitled to a "trial by an impartial jury of the county or district in which the crime shall have been committed."

And by the Constitution of the United States, (*Amend. Art.* 6:) "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district, wherein the crime shall have been committed which district shall have been previously ascertained by law."

The laws of Arkansas have no extra-territorial operation. Each State possesses the exclusive power to provide for the punishment of crimes committed within its limits, except so far as this power may have been surrendered to the Government of the United States by the Federal Constitution.

In this case, the *Martha Washington* was burnt in Arkansas; our laws were violated, and our courts have jurisdiction to try and punish all persons who were actually or constructively present, participating in the crime.

It is not necessary in all cases, that a man should be actually present in this State to make him amenable to our laws for a crime committed here. If the crime is the immediate result of his act, he may be made to answer for it in our courts, though actually absent from the State at the time he does the act, because he is constructively present, or present in contemplation of law.

For example, if a man standing beyond our boundary line, in Texas, were, by firing a gun, or propelling any other implement of death, to kill a person in Arkansas, he would be guilty of murder here, and answerable to our laws, because the crime is regarded as being committed where the shot, or other implement

propelled, takes effect.  1 *Chit. Crim. Law*, 191; *United States vs. Davis*, 2 *Sumner* 482; *People vs. Adams*, 3 *Denio Rep.* 207; *People vs. Rathburn*, 21 *Wend. Rep*, 500.

Again, if a person absent from this State, commits a crime here, through or by means of an innocent instrument or agent, it seems that the law would regard him as personally present, and hold him responsible for the offence.   As, for example, if the defendant had fired the *Martha Washington* through the agency of an idiot.  *Foster's Crown Law*, 349; 1 *Chit. Crim. Law* 191; *Wheat. Crim. Law* 115.  Or where one utters forged notes through an innocent agent.  *People vs. Rathburn*, 21 *Wend. Rep.* 509.  Or obtains money by false pretences, through such agency.  *People vs. Adams*, 3 *Denio* 190.  Or sends poison to another through a letter, intending to poison him, and succeeds.  *Queen vs. Garrett*, 22 *Eng. Law and Eq. Rep.*; *People vs. Rathburn, ubi sup.* 540.

Again, it seems, that in misdemeanors, where there are no accessories, but all are regarded as principles who, in any manner, participate in the commission of the crime, if a person in one State procure the commission of a crime of that grade in another State, through even a *guilty* agent, the procurer is regarded as a principal in the offence, and as being present, in contemplation of law, where it is committed, and answerable there for the crime.  *Commonwealth vs. Gillespie et al.*, 7 *Serg. & Rawle* 478; *People vs. Adams, ubi sup*; *Barkhamsted vs. Parsons*, 3 *Conn. Rep.* 1; *The King vs. Johnson*, 6 *East Rep.* 583.

But the offence under consideration was a felony, and Cummings and others, who burnt the boat in Arkansas, in pursuance of a conspiracy entered into with the defendant, Chapin, in Ohio, were, according to the allegations of the replication, guilty agents, and the principals in the crime, while Chapin was an accessory before the fact in Ohio.

Such being the case made by the replication, Chapin was guilty of a crime in Ohio, and answerable there, while Cummings and others, the principals in the arson, were indictable in Arkansas.

We have been able to find no authority to sustain the jurisdiction of the Phillips Circuit Court as to defendant, Chapin, upon the allegations of the replication. 1 *Chit. Crim. Law* 191; *Ex parte Jo Smith, the Mormon Prophet,* 3 *McLean's Rep.* 121; *State vs. Knight, Taylor and Conference, Law and Equity,* by Battle, *N. C. Rep.* 44; *People vs. Adams, ubi sup.; People vs. Rathburn, ubi sup.; Digest, Ark.,* chap. 52, sec. 110.

The judgment of the court below is affirmed.