## THE STATE vs. RHODA.

Cases may occur in which a crime may be committed on the boundary line between two counties; and it would be a narrow construction of the bill of rights, in relation to venue, to hold that the offender would not be subject to indictment at all.

Where the boundary line between two counties has been surveyed and marked, and the proof in a criminal prosecution fails to establish in which county the offence was committed, no question is presented upon the provision of the statute in reference to uncertainty of boundaries: and the venue as charged; not been proven, no cause is shown for granting the state a new trial.

*Appeal from Johnson Circuit Court.*

Hon. J. M. WILSON, Circuit Judge.

HOLLOWELL, attorney general for the state.

Mr. Chief Justice ENGLISH delivered the opinion of the court.

Rhoda, and others, were indicted in the Circuit Court of Johnson county, for gaming. On the trial of Rhoda, Frazier, a witness for the state, testified that on the day charged in the indictment, he, Rhoda, and others, being together in Johnson county, went up to the head waters of Shoal creek, and under the mountain there, in the woods, played *pocre* for money, etc. That the place where they played cards was right about where the line runs, dividing the counties of Yell and Johnson. Witness had never helped survey the line, but that was where it was reputed to run—where he understood from the citizens it ran. That he was not certain whether the place where the parties played cards was in Johnson or in Yell county. He believed it uncertain in which county it was.

*A. M. Ward*, witness for defence, stated that he helped to survey the line between the counties of Yell and Johnson. That the line commenced at the mouth of *Big Piney*, and run due south until it struck the main *divide* between Shoal creek and *Schikeilie*, and thence in a westerly direction, with said main *divide*, to the county line of Franklin county. His impression was that all the waters of Shoal creek were in Johnson county, but he was not certain of that fact. The first named line may have run across below some of the head waters of shoal creek.

The attorney for the state asked the court to charge the jury:

" 1st. That if they believe from the evidence that defendant played a game of pocre at cards, and bet money on the game, etc., etc., and that said playing and betting were done and committed on the boundaries of the counties of Johnson and Yell, they should find the defendant guilty.

" 2. That if the jury believed from the evidence that the defendant bet money on a game of *pocre*, which game was played at cards, etc., etc., and that it is uncertain where the boundary line between the counties of Johnson and Yell is, and if from the evidence, and from that cause, it is uncertain in which county the playing and betting were done, if done at all, they should find the defendant guilty.

Which instructions the court refused; but instructed the jury:

" That the state was bound to prove that the defendant be money upon a game of pocre, played at cards in Johnson county," etc.

The jury found the defendant not guilty, a new trial was refused the state, and she excepted and appealed.

In criminal prosecutions by indictment or presentment, the accused has a right to a speedy public trial by an impartial jury of the county or district in which the crime shall have been committed. *Bill of Rights, sec.* 11.

The statute provides that " when any offence may be committed *on the boundary* of two counties, etc., the indictment may be found, and trial and conviction thereon had, in either of such counties. *Gould's Dig. ch.* 52, *sec.* 109.

Cases may occur in which the crime may be committed on the boundary line between two counties; for example, the card players, in this case, might have placed themselves on the line, if they had thought proper, and engaged in playing and betting there. In such cases it would certainly be a narrow construction of the provision of the bill of rights, in relation to venue, to hold that the offender would not be subject to indictment at all.

The court below refused the first instruction, on the ground perhaps that it was not warranted by the evidence.

The second instruction was, perhaps, refused for the same reason.

The statute also provides that " if it is uncertain where the boundary is, the indictment may be found, etc., in either county." *Ib.*

Here there seems to have been no uncertainty as to where the boundary line between the counties of Johnson and Yell was, because it had been surveyed, and as it must be supposed, marked. (*Gould's Dig. ch.* 43.) But the uncertainty was as to the place where the offence was committed—whether it was on the one side or the other of the line. It seems that the parties retired to a place on the head waters of Shoal creek, in the

woods, under a mountain, and there engaged in gaming. The only witness who was present, could not, or did not state, whether it was on the one or the other side of the line. He did not help run the line, and only knew from reputation where it was. The place where the gaming occurred, was right about where he had understood the line run, but was not certain on which side of the line it was.

The line being designated by law, and having been surveyed and marked, the case did not fall, we think, within the mischief intended to be remedied by the statute.

The indictment charged that the offence was committed in Johnson county, and the venue not having been clearly proven as alleged, we shall not reverse the judgment of the Circuit Court refusing the state a new trial.

Affirmed.