Green *v.* State.

Crim. 3917

Opinion delivered March 11, 1935.

*J. F. Quillin* and *Carrigan & Monroe,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

BAKER, J. On October 3, 1934, the grand jury of Hempstead County returned an indictment against Will Green, charging him with being an accessory before the fact to robbery, committed as follows:

That Bert Waddell and Roger Monroe, County of Hempstead and State of Arkansas, on the 1st of October, 1934, did unlawfully, wilfully, feloniously, violently and forceably make an assault in and upon one P. C. Stephens, cashier of the Bank of Blevins, a corporation, against his will, and by intimidation, and by a display of firearms, and from the custody of the said P. C. Stephens, cashier of the Bank of Blevins, a corporation, did rob, steal, take and carry away $325, etc., and that said Will Green, in the county and State aforesaid, on the 1st day of October, 1934, before the said robbery was committed in the same manner aforesaid, did wilfully, unlawfully and feloniously advise and encourage, aid and abet the said Bert Waddell and Roger Monroe to do and commit the said robbery in the manner aforesaid, against the peace and dignity of the State of Arkansas.

Several matters are presented for our consideration, upon an appeal from a judgment of conviction of Will Green, so indicted as an accessory before the fact. The view we have of this case makes necessary the consideration of only one of the alleged errors.

An instruction given by the court is as follows: "If you find from the evidence in this case beyond a reasonable doubt that on about the 10th day of May, 1934, in Hempstead County, Arkansas, Bert Waddell and Roger Monroe unlawfully, violently and forceably, or by the display of firearms, and by placing P. C. Stephens, cashier of the Bank of Blevins, in fear, or by intimidating the said P. C. Stephens, as such cashier of the Bank of Blevins, took from him or from his custody the sum of $325 in money, or any other sum of money, which was the property of the Bank of Blevins, a corporation, and

you further find from the evidence in this case beyond a reasonable doubt that prior to that time the defendant, Will Green, either in Hempstead County, or in any other place, unlawfully advised and encouraged the said Bert Waddell and Roger Monroe, or either of them, to commit the robbery of the said P. C. Stephens and the Bank of Blevins as alleged in the indictment, you will find him guilty as charged. If you entertain a reasonable doubt of the truth of the charge against the defendant, Will Green, you will find him not guilty.''

The vice in the foregoing instruction is in the matter of venue, in which the court said ''either in Hempstead County, or in any other place.'' We are aware of the fact, of course, that the offense of an accessory before the fact is not complete until the principal act is accomplished. There is a theory, well grounded in principle, that the accessory, by aiding, abetting, counseling in the commission of crime, should be tried at the place where the crime was committed. Otherwise stated, that his participation began at the time of the conspiracy, agreement and planning of the crime, and continued until the act he abetted or aided was accomplished. Considerable authority might be cited to uphold this contention.

We feel, however, the restraint of a constitutional provision in this State. Section 10, art. 2 of the Constitution of 1874 is as follows: ''In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial (a) by an impartial jury (b) of the county in which the crime shall have been committed (c); provided that the venue may be changed to any other county of the judicial district in which the indictment is found, upon the application of the accused, in such a manner as now is, or may be, prescribed by law (d); and to be informed of the nature and cause of the accusation against him, and to have a copy thereof (e); and to be confronted with the witnesses against him (f); to have compulsory process for obtaining witnesses in his favor and to be heard by himself and his counsel.''

The record reflects that the matter of venue was one of the sharply contested issues upon the trial of the case. Appellant first moved the court for a directed verdict in

his favor at the close of the testimony given on behalf of the State, for the alleged reason that the proof offered did not show defendant's offense to have been committed in Hempstead County. This same matter was again urged at the time instructions were given to the jury. Specific objection was made to the instruction under consideration.

It is incumbent upon the State to prove the venue. This has been so held uniformly. Some of the earlier cases in which venue has been before this court are: *Walls* v. *State,* 32 Ark. 565, 567; *State* v. *Rhoda,* 23 Ark. 156, 159; *Ward* v. *State,* 77 Ark. 19, 20, 90 S. W. 619. Some later cases are, *Smith* v. *State,* 169 Ark. 913, 277 S. W. 530; *Hedrick* v. *State,* 170 Ark. 1193, 279 S. W. 785.

Instruction No. 12 requested by the defendant, is as follows: "The court instructs the jury before you can find defendant guilty the State must establish beyond a reasonable doubt that defendant in Hempstead County aided and encouraged and agreed for Waddell and Monroe to rob the Bank of Blevins; and unless you so find you are instructed to find the defendant, Will Green, not guilty." While this instruction was erroneous, in that it required the State to prove venue beyond a reasonable doubt, it did accentuate the specific objections made by the defendant to the instruction given and which we have under consideration here. The court properly refused to give the instruction because venue may be established by a preponderance of the evidence. *Stribling* v. *State,* 171 Ark. 184, 284 S. W. 28; *Cates* v. *State,* 176 Ark. 1203, 4 S. W. (2d) 952; *Evans* v. *State,* 177 Ark. 1076, 9 S. W. (2d) 320.

Supporting our view as to the error in the instruction given, the case of *State* v. *Chapin,* 17 Ark. 561, is in point. It is true Chapin was not a resident of the State and that his act of aiding and abetting did not take place in the State, but the crime that he aided or abetted was committed by his co-conspirators in Phillips County, Arkansas.

Section 2872 of Crawford & Moses' Digest is not a controlling statute in the matter before us. We think that Green might well have been indicted in Miller Coun-

ty and been prosecuted there, or in any other county in which any of the accessorial acts were committed, but we do hold that the venue must be proved in the county of the indictment.

Since the defendant was in Hempstead County and with Waddell a short time prior to the commission of the offense, and the jury might well have found that he was there in furtherance of his plan or scheme, which he was aiding and abetting, to rob the Bank of Blevins, we hold also the case should have gone to the jury upon proper instructions, upon the theory as to venue of the cases of *Fox* v. *State,* 102 Ark. 393, 144 S. W. 516 and *Cain* v. *State,* 183 Ark. 606, 37 S. W. (2d) 708.

The defendant urges that the evidence in the case is not sufficient to corroborate Waddell's testimony. Waddell was an accomplice, and it is necessary that his testimony be corroborated. In as much as we disagree with the contention made, that there was insufficient corroboration of Waddell's testimony, it is not necessary that we set forth this evidence in this opinion for the reason that the case will be reversed upon the error above indicated.

The judgment in this case is reversed, and the cause remanded for a new trial.