STATE OF ARKANSAS V. MARLIN REEVES

5-5420
442 S.W. 2d 229

Opinion Delivered June 2, 1969
[Rehearing denied July 14, 1969.]

1188

*Joe Purcell*, Atty. Gen.; *Don Langston*, Asst. Atty. Gen. *Mike Wilson*, Asst. Atty. Gen. for appellant.

*Howell, Price & Worsham* for appellee.

CONLEY BYRD, Justice.   The State of Arkansas, pursuant to Ark. Stat. Ann. § 43-2720 (Repl. 1964), appeals from an order dismissing a charge of grand larceny against appellee Marlin Reeves upon the basis that Prairie County was not the proper venue.   It is stipulated that all acts of appellee occurred in Pulaski County and that he was at no time present in Prairie County where the tractor was stolen—i.e., appellee Reeves only aided and abetted in the theft of the tractor.

To sustain the dismissal appellee relies upon Art. 2, § 10 of the Constitution of Arkansas, Ark. Stat. Ann. § 43-1424 (Repl. 1964) and *Green* v. *State,* 190 Ark. 583, 79 S.W. 2d 1006 (1935).   Article 2, § 10 of the Constitution provides:

> "In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which the crime shall have been committed; ..."

Arkansas Stat. Ann. § 43-1424, being § 97 of chapter 45 of the Revised Statutes of 1838, provides:

> "An indictment against any accessory to any felony, may be found in any county where the of-

fense of such accessory may have been committed, notwithstanding the principal offense may have been committed in another county; and the like proceedings shall be had therein, in all respects, as if the principal offense had been committed in the same county."

In *Green v. State, supra,* Green was prosecuted as an accessory before the fact. We there held that under Art. 2, § 10 of the Constitution Green could only be prosecuted in a county in which the accessorial acts were committed. In doing so we relied upon *State v. Chapin,* 17 Ark. 561 (1856).

In the *Chapin* case we held that a citizen of Ohio could not be prosecuted in Arkansas as an accessory before the fact for the burning of a boat at Helena in Phillips County. In so doing, however, we said:

> "Again, if a person absent from the State, commits a crime here, through or by means of an innocent instrument or agent, it seems that the law would regard him as personally present, and hold him responsible for the offense. As, for example, if the defendant had fired the *Martha Washington* through the agency of an idiot. *Foster's Crown Law* 349; 1 *Chit. Crim. Law* 191; *Wheat. Crim. Law* 115. Or where one utters forged notes through an innocent agent. *People v. Rathburn,* 21 *Wend. Rep.* 509. Or obtains money by false pretenses, through such agency. *People v. Adams,* 3 *Denio* 190. Or sends poison to another through a letter, intending to poison him, and succeeds. *Queen v. Garrett,* 22 *Eng. Law and Eq. Rep.; People v. Rathburn, ubi sup.* 540.

> Again, it seems, that in misdemeanors, where there are no accessories, but all are regarded as principles who, in any manner, participate in the commission of the crime, if a person in one State procure the commission of a crime of that grade in

another State, through even a *guilty* agent, the procurer is regarded as a principal in the offence, and as being present, in contemplation of law, where it is committed, and answerable there for the crime. *Commonwealth* v. *Gillespie et al., 7 Serg. & Rawle* 478; *People* v. *Adams, ubi sup; Barkhamsted* v. *Parsons, 3 Conn. Rep.* 1; The *King* v. *Johnson, 6 East Rep.* 583."

The theoretical distinction of why Chapin could not be prosecuted as an accessory before the fact on a felony charge but could be prosecuted on a misdemeanor charge is explained in *Cousins* v. *State,* 202 Ark. 500, 151 S.W. 2d 658 (1941), where we said:

"If a crime covers only the conscious act of the wrongdoer, regardless of its consequences, the crime takes place and is punishable only where he acts; but, if a crime is defined so as to include some of the consequences of an act, as well as the act itself, the crime is generally regarded as having been committed where the consequences occur, regardless of where the act took place, ...."

See also Leflar, *"The Criminal Procedure Reforms of 1936—Twenty Years After,"* 11 Ark. L. Rev. 117, 131, 132 (1957).

Shortly after the *Green* case was handed down, the people of this state, by Initiated Act No. 3 of 1936, § 25 (Ark. Stat. Ann. § 41-118 [Repl. 1964]), provided:

"The distinction between principals and accessories before the fact is hereby abolished, and all accessories before the fact shall be deemed principals and punished as such ...."

Therefore, as we now understand Ark. Stat. Ann. § 41-118, the distinction between accessories before the fact and principals has been abolished and the effect

thereof is to change the definition of the crime so as to include the consequences of the act, as well as the act itself. Thus, under the language of the *Cousins* case, the crime committed by appellee Reeves was in Prairie County, for that is where the consequences occurred and according to art. 2, § 10 of the Constitution that is the only county in which the trial can be held.

For the reasons herein stated we reverse and remand.