## DOUGAN VS. STATE.

1. CRIMINAL JURISDICTION: *Is local.*
   Under the provisions of the Constitution of 1874, the Legislature cannot invest a court with jurisdiction of crimes committed beyond the limits of the county.

ERROR to *Arkansas* Circuit Court.

Hon. JOHN A. WILLIAMS, Circuit Judge.

*P. C. Dooley*, for plaintiff in error.

ENGLISH, C. J.:

William Dougan, the plaintiff in error, was indicted in the Circuit Court of Arkansas County, at the March term, 1875, for murdering Ahab Inman. The offense was charged to have been committed in Arkansas county.

The accused was tried on the plea of not guilty, and found guilty of murder in the first degree; motions in arrest of judgment and for a new trial, were made and overruled, and he was sentenced to be hung.

On the trial, the State proved that Dougan shot Inman, his father-in-law, about a hundred yards from the east bank of White river, in Monroe county, and dragged his body from the place where he fell, and threw it into the river; which at that point and for some distance above and below, divided the counties of Arkansas and Monroe.

The plaintiff in error excepted to rulings of the court in giving instructions moved for the State, and in refusing others asked for him, but these exceptions were not made grounds of the motion for a new trial, and the instructions need not be considered.

One of the grounds of the motion for a new trial was that the verdict was contrary to the evidence, etc.

The bill of exceptions sets out all the evidence, and it was clearly proven that the offense was not committed in Arkansas county, where the venue was laid in the indictment.

On the contrary, it was proven to have been committed in Monroe county, but not exceeding one hundred yards from the White river, which is, and was at the time of trial, as the court told the jury, the boundary line between the two counties, at the place where the crime was committed, and for some distance above and below.

(Act of Nov. 7, 1836, and Act of Dec. 25, 1840.)

There seems to have been no confusion or uncertainty about the line between the counties, at the place where Inman was killed, but being within half a mile of the line of Arkansas county, the court held the offense to be within its jurisdiction, and the jury accordingly found the accused guilty as charged, etc.

The plaintiff in error was indicted and tried since the adoption of the Constitution of 1874. The 10th section of the Declaration of Rights plainly provides that: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the county in which the crime shall have been committed, etc."

Here the proof shows that the crime was committed in Monroe county, and yet the accused was tried and convicted by a jury of Arkansas county.

Section 1648 of Gantt's Digest, taken from the Revised Statutes, provides that : " where the offense is committed on the boundary of two counties, or within half a mile of such boundary, or if it is uncertain where the boundary is, the · indictment may be found and a trial had in either county."

And a later statute provides that : " when a river is the boundary between two counties, the criminal jurisdiction of each shall embrace offenses committed on the river or any island thereof." Cr. Code, Sec. 17, Gantt's Dig. Sec. 1653.

The former statute was before this court in the case of *The State* v. *Rhoda*, 23 Ark., 158, and the court said : " Cases may occur in which the crime may be committed on the boundary line between two counties, etc. In such cases it would certainly be a narrow construction of the provision of the bill of rights, in relation to venue, to hold that the offender would not be subject to indictment at all."

In this case the crime was not committed on the boundary of the two counties, nor does the evidence disclose any uncertainty as to where the boundary was, the White river being the boundary. If the Legislature can authorize a court to go a half mile over its territorial jurisdiction in cases, as fixed by the bill of rights, it may authorize a departure for any greater·distance.

The judgment must be reversed and the cause remanded, with instructions to the court below to grant the plaintiff in error a new trial, and for such other proceedings as may be in accordance with law, and not inconsistent with this opinion.