THE STATE OF KANSAS v. JOHN W. KNAPP *et al.*

1. CRIMINAL CASE—*No Change of Venue, When.* The trial of a defendant charged with a criminal offense cannot, upon the motion of the prosecutor or state, and against the objection and without the consent of the defendant, be removed out of the county and district where the offense is alleged to have been committed.

2. PLACE OF TRIAL, *Changed to Another Judicial District; Right, Not Waived.* Where a defendant in a criminal cause applies for a change of venue from the county where the offense is alleged to have been committed, to some other county in the same judicial district, upon the ground that he cannot obtain a fair trial where the prosecution is pending, and against his objection and without his consent the district court changes the place of trial to a county embraced in another judicial district, the defendant does not thereby waive his constitutional right to object to being tried in the judicial district to which the cause is removed.

*Appeal from Barton District Court.*

THE opinion states the case.

*S. B. Bradford,* attorney general, and *Waters, Chase & Tillotson,* for The State.

*A. J. Hoskinson,* and *W. A. Frush,* contra.

The opinion of the court was delivered by

HORTON, C. J.: On the 31st of May, 1887, an information was filed against the defendants in the district court of Wichita county, charging them with the offense of murder in the first degree. Subsequently, they were arrested, and on the 16th

day of December, 1887, they applied to the district court for
a change of venue from the county of Wichita to some other
county in the twenty-seventh judicial district, being the same
district in which Wichita county is situated.   Thereupon the
state admitted that the defendants could not obtain a fair trial
in Wichita county, where the prosecution was pending, and
that their application for a change of venue was in due form;
but suggested, by affidavits, that the judge of the twenty-
seventh judicial district had been the counsel for defendants,
and therefore interested and prejudiced in their favor, and asked
that the trial of the case be removed to the district court of
some county in a different district.   This was granted, and
the place of trial was changed to the county of Barton, in the
twentieth judicial district.   To the order changing the place
of trial outside of the twenty-seventh judicial district and to
the twentieth judicial district, the defendants objected and duly
excepted.   After the order was made for the removal of the
cause from Wichita to Barton county, a transcript of the rec-
ord was filed in the latter county, and on the 9th of February,
1888, the defendants filed their motion to dismiss the cause
for the reason that the district court had no jurisdiction, against
the objections of the defendants, to hear and try the case.
The court sustained the motion, and dismissed the case.   The
state excepted, and appeals to this court.

   The only question which presents itself for our considera-
tion, is this: Did the district court of Barton county have
jurisdiction to try the defendants and pronounce judgment in
the cause ?   By § 10 of our bill of rights, it is provided that
in all criminal prosecutions the accused shall be allowed "a
speedy public trial by an impartial jury of the county or dis-
trict in which the offense is alleged to have been committed."
The offense charged against the defendants was committed in
the county of Wichita, and in the twenty-seventh judicial
district.   An attempt was made to put the defendants upon
trial in Barton county, and in the twentieth judicial district;
therefore an attempt was made to deny to the defendants a
jury of the county or district in which the crime was com-

mitted. It is contended upon the part of the state that the statute authorizes a change of venue in a criminal cause, on the motion of the state, from one county to another, and from one judicial district to a different judicial district. (Crim. Code, §§173, 176.) We said in *The State v. Bunker*, 38 Kas. 741, that—.

"The design of the provision of the bill of rights seems to be to secure to the accused a trial by a jury from the vicinage where the crime is supposed to have been committed, so that he may have the benefit of his own good character and standing with his neighbors, if these he has preserved, and also of such knowledge as the jury may possess of the witnesses who give evidence before them. The word 'district,' like the word 'county,' is here used in a restrictive sense, and is intended to designate the precise portion of territory or division of the state over which the court at any particular sitting may exercise power in criminal matters." (*Olive v. The State*, 11 Neb. 1; *Dugan v. The State*, 30 Ark. 41; *The State v. Gutt*, 13 Minn. 341; *Wheeler v. The State*, 24 Wis. 52.)

Again, in *The State v. Potter*, 16 Kas. 80, it was said, "but with this provision, [Const., Bill of Rights, § 10,] the defendant in a criminal action can be tried by any other jury, and out of the county and district where the offense is alleged to have been committed, only with his consent." If the statute purporting to authorize a change of venue was intended to permit the state to change the trial against the objection of the accused, it is in conflict with the bill of rights, and therefore void.

Of course if a defendant applies to the court for a change of venue from one county to another in the same judicial district, or from one judicial district to another judicial district, he waives the constitutional right to be tried in the county or district where the offense is alleged to have been committed. (*The State v. Potter*, 16 Kas. 80.) But in this case the defendants did not apply to the court for a change of venue to another judicial district, and therefore when they objected to the removal of the cause to Barton county it can-

not be said that the change to that county, or to the twentieth judicial district, was made with their consent.

The order and judgment of the district court will be affirmed.

All the Justices concurring.