WELLS v. STATE.

Opinion delivered March 18, 1912.

1.  LARCENY—ALLEGATION OF OWNERSHIP.—In indictments for larceny, the allegation of ownership is material and must be proved as alleged. (Page 629.)

2.  SAME—SUFFICIENCY OF ALLEGATION OF OWNERSHIP.—In an indictment for larceny of cotton jointly owned by two persons and held by an

agent of both of them, it was sufficient to allege a joint ownership by them. (Page 629.)

3. INSTRUCTIONS—CONFLICT.—Where the court in one instruction told the jury that unless they found from the evidence that the appellant had established an alibi they should convict him, and in another instruction that if the proof was sufficient to raise in their minds a reasonable doubt of guilt then it was their duty to acquit, the two instructions can not be harmonized. (Page 630.)

4. SAME—ALIBI—BURDEN OF PROOF—It is error to instruct that defendant has the burden of proving an alibi. (Page 630.)

Appeal from Monroe Circuit Court; *Eugene Lankford,* Judge; reversed.

*H. A. Parker,* for appellant.

1. Instruction No. 1 on the question of alibi as a defense is erroneous; while instruction No. 4, given at appellant's request, correctly states the law. The two are in irreconcilable conflict.

If a defendant who relies upon the plea of alibi fails to produce a preponderance of evidence in support of that plea, still, if his proof upon that question raises a doubt as to defendant's guilt upon the whole case, it is the jury's duty to acquit. 103 Ala. 36; 94 Ala. 14; 52 Pac. 352; 59 Ark. 379; 55 Ark. 244; 24 Cal. 61; 31 Fla. 166, 172 Ill. 367; 25 Cyc. 152.

The giving of contradictory instructions is reversible error. 101 Ark. 37; 74 Ark. 437; 72 Ark. 31.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

There is no conflict in the instructions on the question of alibi. Instruction No. 1 properly placed the burden on the defendant to establish the plea, and No. 4 informs the jury that the defense is made good when from all the testimony in the case the jury have a reasonable doubt whether or not the defendant was present, etc. Taken together, the two state the law with reference to alibi.

McCULLOCH, C. J. Appellant was convicted under an indictment for grand larceny, charging him with having stolen 1,100 pounds of seed cotton, of the value of $40, the property of H. Whitefield and W. L. Jeffries. The evidence tends to show that Whitefield was a tenant of Jeffries on the latter's plantation in Monroe County, and that the crop was mortgaged

to Jeffries to secure the rent and also a debt for supplies.   White-
field had turned the crop over to the agent of Jeffries, who
weighed up the cotton in a pen on the farm, from which the
evidence tends to show it was stolen.

It is contended that there was a variance between the alle-
gations and the proof as to ownership.   The rule established
by our decisions as well as by other authorities is that in indict-
ments for larceny the allegation as to ownership is material
and must be proved as alleged.   *Merritt* v. *State*, 73 Ark. 34.
The proof in this case showed that the cotton was in the actual
custody of Hogan, the agent of the mortgagee, Jeffries.   The
special ownership could therefore have been laid in him, and
it would have been sufficient to sustain the indictment, but the
general ownership could also have been alleged and proved, and
it was sufficient to do so.   Rapalje on Larceny and Kindred
Offenses, § 92.   The agent of the mortgagee was also the agent
of the mortgagor for the purpose of disposing of the property;
and as both had an interest in the property, and it was in the
possession of the agent of both, it was sufficient to allege a
joint ownership by them.

It is claimed that the cotton was stolen from the pen in
the field, and the evidence is sufficient to warrant a finding
that it was stolen one night after it had been weighed up by
Hogan.   Wagon tracks were traced from the pen, through the
field and woods, and signs of cotton on the limbs of trees
and bushes were seen along the route of the wagon through the
woods.   The wagon was traced from the cotton pen to the
house of one Will Chestnut, where it appeared to have stopped,
and then passed on.   Will Chestnut's wife, Callie, testified
that that night appellant and his wife drove up to the house on
a wagon load of seed cotton, and inquired about getting out
of the gate.   Will Chestnut testified that the next day he met
appellant at a certain store, and that the latter told him that
he had passed the house the night before with some cotton, and
asked witness not to say anything about it.

Appellant introduced a number of witnesses tending to
show that he attended a party or dance at a house several miles
distant, and could not have taken the load of cotton away from
the pen that night.   These witnesses, if believed, established

a complete alibi for appellant. The court, over appellant's objection, gave the following instruction:

"You are instructed that the defendants rely upon an alibi, which is a valid defense to the crime charged; but you are further instructed that the burden of proving such alibi is upon the defendants, and, unless you find from the evidence that the defendants have established such alibi, you will find the defendants, or either of them, guilty."

The court also gave, at the request of appellant, the following instruction:

"The jury are instructed that the burden of showing an alibi is on the defendant, which can be shown by a preponderance of the evidence; but if, upon the whole case, the testimony raises a reasonable doubt that the defendant was present when the crime was committed, he should be acquitted, that is to say, in arriving at a conclusion as to whether the defendant committed the crime or not, they can only take into consideration all the testimony that has been introduced to the jury upon the question of an alibi with all the other testimony in the case, in arriving at the fact as to whether there was a reasonable doubt that the defendant committed the crime or not."

The instruction on this subject, given by the court over appellant's objection, was not a correct statement of the law. *Blankenship* v. *State*, 55 Ark. 244; *Ware* v. *State*, 59 Ark. 379. It was directly in conflict with the other instructions given at the instance of appellant, and the two can not be read together in harmony. . It has often been said that the whole law can not be stated in one instruction, and it is necessary, generally, to set forth different phases of a case in separate instructions. However, where instructions are irreconcilably in conflict, they can not be read together, and are calculated to mislead the jury. *St. Louis, I. M. & S. Ry. Co.* v. *Rogers*, 93 Ark. 564. Such is the case here. One of the instructions told the jury that, unless they found from the evidence that the appellant had established an alibi, it was their duty to convict him. The other stated that if the proof on that subject was sufficient to raise in the mind of the jury a reasonable doubt as to guilt, then it was their duty to acquit. The two instructions can not be harmonized, and the giving of both left the jury the choice of following either as they saw fit. There was a sharp conflict in

the testimony, and appellant had the right to have his case submitted to the jury upon correct instructions. On account of this error the judgment is reversed, and the cause remanded for a new trial.