## MULLINS v. STATE.

Opinion delivered November 24, 1930.

*Brock & Williams,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Pope County for selling intoxicating liquors on or about the 20th day of February, 1930, and as a punishment for the crime was adjudged to serve a term of one year in the State Penitentiary.

From the judgment of conviction an appeal has been prosecuted to this court.

Appellant assigns as reversible error the insufficiency of the evidence to support the verdict and judgment.

Harvey Morgan and Guy Poynter, witnesses for the State, each testified to having purchased whiskey from appellant early in the year 1930. Other witnesses for the State testified to circumstances tending to show that appellant was engaged in the liquor selling business and had been for some time. It developed during the cross-examination of Morgan and Poynter that each had been inmates of the State Hospital for Nervous Diseases. It is argued on this account that their testimony was incompetent, and, when excluded from consideration, there is no other substantial testimony to support the verdict and judgment. Appellant did not object to the testimony nor move to exclude same from the consideration of the jury for incompetency. It is too late on appeal to raise that question. In view of the fact that their positive testimony stands in the record unobjected to, it is unnecessary to determine whether the other incriminating circumstances are, standing alone, sufficient to sustain the verdict and judgment.

Appellant also assigns as reversible error the giving of instruction number 9 by the trial court, which is as follows:

"I am stating further to the jury that the defendant in this case may be convicted on any sale of liquor that you may find him guilty of that occurred within three years before the filing of this indictment. And upon the particular contention of the State that he sold liquor on a

certain date to Harvey Morgan the defendant on that occasion contends that he was not here, and that he relies upon what is termed in law as an alibi, that is, that he was not at the place where the witness contends the liquor was sold—that he was away from home. He has introduced his own testimony and the testimony of other witnesses have been heard by you, and it is for you to say upon that particular charge whether or not he was at home. The burden is upon the defendant to show the truthfulness of his alibi by a preponderance of the testimony. If, however, the evidence upon the question of his alibi in that particular case, taken together with all of the other evidence, facts and circumstances in the whole case, convinces you beyond a reasonable doubt, the defendant is entitled to the benefit of the reasonable doubt.''

It is argued that the last paragraph in the instruction conflicts with the paragraph just above it. We see no conflict in the two paragraphs. The two paragraphs, when read together, mean that, although the burden rests upon a defendant to show the truthfulness of an alibi by a preponderance of the testimony, yet it would be the duty of the jury to acquit him if the evidence on the question of the alibi, taken together with all the other evidence in the case, created in their minds a reasonable doubt as to the guilt of appellant. The paragraphs are entirely harmonious. Appellant cites the case of *Wells* v. *State*, 102 Ark. 627, 145 S. W. 531, in support of his contention that the two paragraphs are in conflict. In that case the court ruled that two instructions were in conflict because one of them told the jury that unless they found from the evidence that appellant had established an alibi it was their duty to convict him, whereas the other said that, if the proof on that subject was sufficient to raise in the minds of the jury a reasonable doubt as to guilt, then it was their duty to acquit. The court did not tell the jury in the instant case, as it did in the Wells case, to convict appellant unless they found from the evidence that he had established an alibi. The effect of the Wells case

was to approve the instruction given in the instant case which was objected to.

No error appearing, the judgment is affirmed.