Cousins *v.* State.

4207                                         151 S. W. 2d 658

Opinion delivered May 19, 1941.

*W. L. Curtis,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

SMITH, J. Appellant was found guilty of three separate violations of § 785a, Pope's Digest, and from judgments sentencing him to the penitentiary is this appeal.

The indictment in each case charged that appellant, with the fraudulent intent to cheat the First National Bank of Paris, Arkansas, drew, uttered and delivered to the payees named checks, which were deposited by the payees with said bank in Paris, and which were not honored by the Missouri Valley Trust Company of St. Joseph, Missouri, the bank on which they were drawn, on presentation for payment. Appellant's explanation of his good faith was not accepted by the jury, and, without reciting the testimony, it may be said that it is legally sufficient to support the allegations of facts contained in the indictments.

Act 258 passed at the 1913 session of the General Assembly (page 1066), is entitled "An act to regulate the giving and making of checks and overdrafts," which, as amended by act 304 of the Acts of 1929 (page 1309, vol. 2), appears as §§ 785a and 785b, Pope's Digest, which sections read as follows:

"Section 785a. Any person who, with intent to defraud, shall make or draw, or utter or deliver any check, draft or order, for the payment of money upon any bank or depository, knowing at the time of such making, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with such bank or other depository, for the payment of such check, draft or order, in full, upon its presentation, shall be guilty of a misdemeanor, and punishable by imprisonment for not more than one year, or by a fine of not more than one thousand dollars, or both fine and imprisonment.

"Section 785b. As against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by

the drawee, shall be *prima facie* evidence of intent to defraud and of knowledge of insufficient funds in, or credit with, such bank or other depository, provided such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with all costs and protest fees, within ten days after receiving notice that such check, draft or order has not been paid by the drawee."

These sections were read to the jury as instructions in the case.

The essence of this offense is the drawing of a check, draft, or order for the payment of money, upon any bank, or other depository, by one who knows, when the check is drawn, that he does not have on deposit sufficient funds for the payment of the check or draft in full upon its presentation for payment.

Our laws have no extraterritorial effect, and § 785a, Pope's Digest, means, of course, the drawing of a check or draft upon some bank or depository in this state. The checks here in question were not drawn on any bank in this state, but were drawn on a bank in the state of Missouri. They were deposited, for collection and account, in a bank in this state; but they might have been deposited, for collection and account, in a bank in another state, and conceivably in a state having no statute similar to § 785a, Pope's Digest.

The question here is not whether appellant committed a fraud which constitutes a violation of the law, but is, rather, whether he has violated the statute under which the indictments were drawn.

Appellant insists that, in no event, can he be guilty of a violation of this statute, for the reason that he drew and mailed the checks to the payees in Arkansas from his office in Kansas City, Missouri. But that circumstance is not determinative of his violation of the statute. Had he drawn these checks on the bank in which they were deposited for collection and account, or upon any other bank in this state, he would have violated the statute, although the checks were not drawn in this state.

A case illustrative of this principle, and one frequently cited, is that of *State* v. *Chapin,* 17 Ark. 561, 65

Am. Dec. 452, in which Chief Justice ENGLISH said: "For example, if a man standing beyond our boundary line, in Texas, were, by firing a gun, or propelling any other implement of death, to kill a person in Arkansas, he would be guilty of murder here, and answerable to our laws, because the crime is regarded as being committed where the shot, or other implement propelled, takes effect."

At § 134 of the chapter on Criminal Law, 22 C. J. S., p. 219, it is said: "If a crime covers only the conscious act of the wrongdoer, regardless of its consequences, the crime takes place and is punishable only where he acts; but, if a crime is defined so as to include some of the consequences of an act, as well as the act itself, the crime is generally regarded as having been committed where the consequences occur, regardless of where the act took place, and under a statute so providing a person who commits an act outside the state which affects persons or property within the state, and which, if committed within the state, would be a crime, is punishable as if the act were committed within the state."

This, we think, is a sound statement of the law, and is the law of this state; but it must be remembered that appellant was indicted for, and has been convicted of, a violation of the statutory offense of drawing checks against a deposit insufficient to honor the checks, but these checks were not drawn on any bank in this state. The venue of this offense is not transitory. The payees in these checks, instead of depositing them in a bank in this state, might have deposited them, for collection and account, in a bank in some other state which might not have an overdraft statute. The payees in such case would have been equally defrauded, as they were here, but if a prosecution in this state would not lie in the case stated, it would not lie in this. Our statute is violated when an overdraft is drawn on a bank in this state. To construe it otherwise is to give it extraterritorial effect. Now, it is to be remembered that appellant was not prosecuted for and has not been convicted of obtaining money or other thing of value by false pretenses.

Our statute covers the case of one who draws an overdraft against a bank in this state. The statute is

highly penal, and must be strictly construed, and, when so construed, it cannot be held to cover an overdraft drawn against a bank in another state, although that act results in defrauding a person resident in this state in whose favor the draft was drawn.

In the case of *Hadley* v. *State,* 196 Ark. 307, 117 S. W. 2d 352, the defendant had drawn a worthless check on a bank in Oklahoma City, Oklahoma, which was dishonored upon presentation, and his conviction was affirmed on the appeal to this court. But in that case the defendant was charged with obtaining money under false pretenses, although the check was drawn on a bank in another state, while here appellant is not charged with that offense, but with a violation of a statute applicable only to overdrafts drawn against banks in this state.

The demurrer to the indictments in this case should have been sustained, and the judgment will be reversed, and the cause dismissed.