EDWARDS *v.* STATE.

4979                                      337 S. W. 2d 865

Opinion delivered September 12, 1960.

*N. L. Schoenfeld* and *Tilghman E. Dixon,* for appellant.

*Bruce Bennett,* Attorney General, by *John T. Haskins,* Asst. Attorney General, for appellee.

CARLETON HARRIS, Chief Justice. Appellant, E. W. Edwards, was charged by Information with violation of the Overdraft Act (Ark. Stat. Anno., 1947, Sections 67-714 to 67-716), was found guilty by the jury, and his punishment fixed at six months imprisonment in the State Penitentiary. Several points are raised in urging a reversal, but the first contention effectively disposes of the appeal, *viz.,* the Garland County Circuit Court was without jurisdiction.

The undisputed proof reflects that appellant, a building contractor, issued a payroll check upon the Worthen Bank and Trust Company of Little Rock in the amount of $48.10 on May 29, 1959, to an employee, Howard Duff. The check was delivered to Duff, a resident of Hot Springs, in appellant's office in Little Rock. Duff subsequently cashed the check at Halsell's service station and grocery store in Hot Springs. Thereafter, the bank at Hot Springs processed the check for payment, but it was returned by Worthen Bank and Trust Company with the notation "insufficient funds." On two later occasions, the check was presented for pay-

ment, but was returned with the same notation. Thereafter, the prosecuting attorney of Garland County filed the Information against Edwards. An oral motion to dismiss for lack of jurisdiction was made, both during the trial, and at the end of the State's evidence, on the ground that the State had failed to prove that the crime was committed in Garland County. A written motion in arrest of judgment and motion to set aside the verdict of the jury and dismiss for want of jurisdiction was filed at the end of the trial. All of these motions were denied.

Appellant's primary assertion, that the Garland County Court was without jurisdiction, is well founded. Section 10, Article II, of the Arkansas State Constitution provides:

"In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury *of the county in which the crime shall have been committed;*[1] provided that the venue may be changed to any other county of the judicial district in which the indictment is found, upon application of the accused, in such manner as now is, or may be, prescribed by laws; . . ."

We have held that jurisdiction of statutory offenses is within the county where the crime is committed, *Smith* v. *State,* 169 Ark. 913, 227 S. W. 530. The venue of the offense charged herein is not transitory, *Cousins* v. *State,* 202 Ark. 500, 151 S. W. 2d 658, and the alleged violation was consummated when the check was executed in Pulaski County and delivered to the payee in Pulaski County. In *Shepherd* v. *State,* 221 Ark. 191, 252 S. W. 2d 621, this Court said:

"Appellant contended that the venue was in Clark, his home county, and not in Hempstead County, where he was charged and tried. It appears undisputed that the check in question was executed in Arkadelphia, but there is conflict in the testimony as to whether it was delivered in Clark or Hempstead County. If delivered in Clark County, as appellant contended, then the venue would be in Clark, and not Hempstead."

---

[1] Emphasis supplied.

It is therefore clear, in the cause before us, that if Edwards committed a criminal offense, same was committed in Pulaski County, and not in Garland County, and the Circuit Court of the latter county was without jurisdiction.

Reversed.