William R. GROOMS *v.* STATE of Arkansas

CR 84-44                                          675 S.W.2d 353

Supreme Court of Arkansas
Opinion delivered September 10, 1984

*Honey & Rodgers,* by: *Danny P. Rodgers,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was tried before a jury as an habitual offender on a charge of theft by receiving and was sentenced to 20 years in the Arkansas Department of Correction and fined the sum of $10,000. After giving notice of appeal the attorney for appellant dismissed the appeal by and with the expressed consent of the appellant. Subsequently the present counsel initiated a timely Rule 37 hearing wherein it was alleged that the statute pursuant to which appellant was tried is unconstitutional; that the court erred in trial procedure; that appellant did not knowingly and intelligently waive his right to appeal; and that the appellant was denied effective assistance of counsel. We do not agree with any of these arguments.

The facts upon which the conviction and sentence are based are not involved in this appeal. All four arguments presented by appellant are matters of law and procedure. The appellant was tried on charges of theft by receiving and of being an habitual offender. During the course of the trial appellant was asked questions relating to his past criminal activities. The guilt and penalty determinations were submitted to the jury at the same time with the consent of the appellant. The constitutionality of Ark. Stat. Ann. § 41-2206(3) (Repl. 1977) was not challenged at the trial. After being notified that he did not have to testify, the appellant took the stand for the apparent purpose of refuting the presumption that appellant knew the merchandise in question was stolen. The statute and AMCI 2206 state that the unexplained possession of recently stolen property may be considered as evidence of guilt. The trial attorney made practically no objections to any matter presented by the state.

The first argument by the appellant is that Ark. Stat. Ann. § 41-2206(3) and AMCI 2206 are unconstitutional. It is argued that they violate Article 2, Sec. 8 of the Constitution of Arkansas and Amendment 5 to the Constitution of the United States. Specifically it is argued that AMCI 2206 is in conflict with AMCI 111. This court upheld the consti-

tutionality of the statute here in question in the case of *Newton & Stricker v. State,* 271 Ark. 427, 609 S.W.2d 328 (1980).

It was not prejudicial error for the court to submit to the jury both the guilt and sentence questions at the same time. *Spears, Cassell & Bumgarner v. State,* 280 Ark. 577, 660 S.W.2d 913 (1983). Neither may this question be considered on an appeal of denial of post conviction relief. *Neal v. State,* 270 Ark. 442, 605 S.W.2d 421 (1980). The appellant and his counsel specifically agreed that both the guilt and sentence questions would be presented to the jury at the same time.

The appellant's other points for reversal will be considered together since they involve claims of ineffective assistance of counsel. During the trial appellant took the stand in his own defense. During direct examination he was asked, "Do you have any previous convictions?" His reply was, "I've been in and out of trouble ever since I was about 14 years old." It is obvious that the strategy of defense counsel may well have been to "lay the cards on the table." The strategy could have been to reveal to the jury, prior to cross examination, the record and convictions which would no doubt be inquired about by the state. The plan may well have been intended to present to the jury a man who had "learned his lesson" from his ·prior experiences with criminal activities and who was now a "new person." Trial counsel was not ineffective for failure to raise the constitutionality of Ark. Stat. Ann. § 41-2206 and AMCI 2206 because this court had previously decided the question in the case of *Newton & Stricker v. State, supra.*

The record on appeal of the original conviction was due to be filed in this court no later than April 20, 1983. The record was certified by the circuit clerk on February 14, 1983. Both the trial attorney and the attorney retained for appeal testified that appellant indicated a desire to drop the appeal even before the transcript was finished. The appellant signed a request for withdrawal of his appeal on May 3, 1983. The attorney who was to do the appeal testified that he would have followed through with the appeal had appellant not requested that it be withdrawn.

Neither mere errors, omissions or mistakes nor improvident strategy or bad tactics will suffice to prove ineffective assistance of counsel. In order to establish ineffective assistance of counsel it must be shown that the appellant was prejudiced, and clear and convincing evidence must be presented that the ineffective assistance resulted in appellant's failure to receive a fair trial. *Blackmon* v. *State*, 274 Ark. 202, 623 S.W.2d 184 (1981). The United States Supreme Court recently held that our standards set out in *Blackmon* are proper standards to be used in determining effective assistance of counsel. *Washington* v. *Strickland,* ___ U.S. ___, 104 S. Ct. 2052 (1984).

Affirmed.