Jerry SUTHERLAND *v.* STATE of Arkansas

CR 86-177                                    771 S.W.2d 264

Supreme Court of Arkansas
Opinion delivered May 30, 1989

88

*Appellant,* pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

Per Curiam. The petitioner Jerry Lee Sutherland was convicted of burglary and theft of property and sentenced as an habitual offender to twenty year terms for each, to be served consecutively. His convictions were affirmed on appeal. *Sutherland* v. *State*, 292 Ark. 103, 728 S.W.2d 496 (1987). The petitioner now seeks permission to proceed in circuit court for post-conviction relief pursuant to Rule 37.

The police interviewed the petitioner while investigating the burglary of a gas station where the petitioner had worked until a week before the burglary. A safe had been taken from the station. He denied knowledge of the burglary, but when the police subsequently searched the petitioner's house and car, drugs were found and the petitioner was arrested. At his arraignment on the drug charge, an attorney was appointed for the petitioner. Four days after his arrest, the police brought the petitioner from his cell and questioned him in the interrogation room about the burglary charge. Sutherland was advised of his rights and signed a waiver. He then confessed to the burglary. He also told the police that the safe was taken and where the tools that were used could be found. The police testified that the tools were found and the state admitted pictures of the car that the petitioner confessed using and the damage it incurred from being loaded with the safe. The confession was used as evidence against the petitioner at his trial for burglary and theft. On appeal, the petitioner's attorney failed to abstract the confession in the appeal brief so we refused to consider whether it was error to use it as evidence. The petitioner now claims that his attorney was ineffective for failing to abstract the statement.

 To prevail on a claim of ineffective assistance of

counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. In making a determination on a claim of ineffectiveness, the totality of the evidence before the judge or jury must be considered. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

■ On appeal, prejudice will be presumed to have resulted where counsel failed to raise an issue of such significance that counsel's performance can be said to have fallen below an objective standard of reasonableness and there was a reasonable probability of a different result but for counsel's error. *Dumond* v. *State*, 294 Ark. 379, 743 S.W.2d 779 (1988).

■ In *Arizona* v. *Roberson,* 486 U.S. 675 (1988), the United States Supreme Court held that invocation of the right to counsel bars further police-initiated interrogation without counsel — not only about the crime under investigation at the time the request is made but also about other unrelated offenses of which the defendant may be suspected. In *Bussard* v. *State,* 295 Ark. 72, 747 S.W.2d 71 (1988), we quoted *Michigan* v. *Jackson,* 475 U.S. 625 (1986), as follows: "[I]f police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid."

■■ Since the petitioner had been appointed counsel at

his arraignment on the drug charges, his subsequent waiver of his right to counsel, after the police initiated the interrogation with respect to the burglary, was invalid. Therefore, had the petitioner's counsel abstracted the issue, we would have found the confession inadmissible. Pursuant to *Arizona* v. *Roberson, supra*, we hold that his waiver was invalid and his confession inadmissible, as is the evidence got from the statement. We reverse and remand for a new trial.

Reversed and remanded.

HICKMAN, HAYS and GLAZE, JJ., dissent based upon *Bussard* v. *State*, 295 Ark. 72, 747 S.W.2d 71 (1988).