George DUNHAM *v.* STATE of Arkansas

CR 93-632                                    868 S.W.2d 496

Supreme Court of Arkansas
Opinion delivered January 24, 1994

*Thurman Ragar, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant George Dunham was convicted by a jury of theft by receiving, and the court of appeals affirmed Dunham's conviction in an unpublished opinion on September 9, 1992. Dunham subsequently filed a Rule 37 petition for post-conviction relief which was denied on May 17, 1993, by the trial court after it conducted an evidentiary hearing. He now brings this appeal from the trial court's denial of post-conviction relief.

Dunham's first point for reversal is that the trial court erred in finding it had jurisdiction to hear and decide his felony conviction, asserting that no evidence showed he was in Arkansas when the crime occurred. In short, he claims a crime may have been committed in Missouri where he was arrested and found in possession of stolen articles, but no proof showed he ever possessed stolen goods in Arkansas. Because Dunham raised this issue on direct appeal and it was rejected by the court of appeals, we do not address it here. In deciding this issue, the court of appeals concluded that, when reviewing the evidence on a jurisdictional question, it need only determine whether there is substantial evidence to support the finding of jurisdiction. *See Gardner* v. *State*, 263 Ark. 739, 569 S.W.2d 74 (1978). The appellate court held the record showed that the property found in Dunham's vehicle when he was arrested in Missouri had been stolen in Arkansas and that evidence also indicated Dunham had removed the stolen property from his sister's house where it had been kept.[1] As already mentioned, Ark. R. Crim. P. 37 does not provide an opportunity to reargue points settled on direct appeal, and we reject such a notion here.

Dunham's final point asserts that he was denied effective assistance of counsel at trial. Specifically, he claims that his trial counsel lacked knowledge of the law and did not explain to Dunham that a presumption existed that Dunham knew the

---

[1] In his reply brief, Dunham takes exception to the court of appeals' factual underpinning by asserting no such evidence existed indicating he removed the property from his sister's house. From our review of the record, we conclude such evidence was shown circumstantially by his girlfriend's testimony and a letter purportedly written by him to his nephew, who also was implicated in the crime.

property found in his possession was stolen. *See* Ark. Code Ann. § 5-36-106(c) (Repl. 1993). Without such advice, Dunham argues that he was in no real position to decide whether he and other witnesses should testify in an attempt to explain why he was in possession of stolen goods when he was arrested.

Dunham's counsel testified that he understood it was the state's burden to prove the offenses with which Dunham was charged. Counsel stated further that at Dunham's trial, he did not discuss the particular issue of presumption with him, but regardless, he had analyzed the state's case, as developed, as being weak. In addition, he said that the prosecutor had made no real issue concerning any presumption.

On the other hand, counsel said that he and Dunham fully discussed the possibility of Dunham testifying and rejected the idea because he had several prior felonies that would have been used by the state to impeach Dunham's testimony. Several other witnesses were suggested by Dunham, but upon further discussion, counsel concluded those witnesses would hurt Dunham's case because their versions of what occurred conflicted with Dunham's version of what had occurred. One witness suggested by Dunham was his sister who voiced reluctance to testify because she, too, had charges pending against her and also if she testified favorably to Dunham, her testimony might hurt her son, who was implicated in the crime. In sum, counsel said that no evidence or testimony existed which supported Dunham's story, and if Dunham had testified, he was certain to be impeached by his prior convictions. Thus, counsel said that he, in discussing matters with Dunham, decided the best chance to prevail would be based on the state's failure to make its case.

From our review of the record, we find the trial judge in Dunham's original trial gave AMCI 2206 which permitted the jury to consider the fact that Dunham was in the unexplained possession of recently stolen property along with all other evidence in the case when deciding whether Dunham knew or believed the property was stolen. AMCI 2206 has been upheld by this court on earlier occasions. *See Grooms* v. *State*, 283 Ark. 224, 675 S.W.2d 353 (1984); *Newton & Stricker v. State*, 271 Ark. 427, 609 S.W.2d 328 (1980). No mention of

presumption was in the instruction given the jury, and, as pointed out by Dunham's trial counsel, nor did the prosecutor argue such presumption to the jury. Dunham's counsel was confronted with a matter of trial strategy with which to deal — should he place Dunham on the stand to be impeached by several prior convictions and other damaging, conflicting evidence, or should he opt to chance the trial's outcome on what counsel had evaluated as a weak case put forth by the state? Counsel chose the latter. As we have stated before, matters of trial strategy and tactics, even if arguably improvident, are not grounds for a finding of ineffective assistance of counsel. *Missildine* v. *State*, 314 Ark. 500, 863 S.W.2d 813 (1993).[2]

For the above reasons, we affirm the trial court's denial of Dunham's Rule 37 petition.

---

[2]Dunham points out that the state had also charged him with being a felon in possession of a firearm which was dismissed. Nevertheless, Dunham says that the jury, knowing already he was a felon, would not have been further prejudiced by learning of his several prior convictions. Again, counsel's decision to keep such convictions from the jury remained a matter of tactics and, as such, is not a ground for granting a Rule 37 petition.