The Honorable Mark Stodola Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Stodola:
This is in response to your request for an opinion on the filing of "hot check" charges. Specifically, you ask whether it is permissible under certain "agency relationships" for a prosecuting attorney to file hot check charges in municipal court in one jurisdiction when the underlying offense took place in another judicial district.
You have set out two examples to illustrate the question. In the first example, the maker of a check delivers it to a merchant in return for goods and the check bounces. The merchant turns the check over to a collection agency in another county for collection via an agency relationship. Unable to collect the check, the collection agency turns it over to the prosecutor for prosecution in the county where the collection agency is located. In the second example you detail, a merchant accepts a check and turns it over to the merchant's "home office" which is located in another county. You ask whether the prosecutor in the "home office" county has jurisdiction to file charges.
It is my opinion that the prosecutor would not have authority to file charges in either of the examples set out above. You have cited in your request A.C.A. § 5-37-306(a); A.C.A. § 16-88-108, and Arkansas Constitution, art 2, section 10. The last provision, Arkansas Constitution, Art. 2, § 10, is in my opinion controlling. It states in pertinent part as follows:
 In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by impartial jury of the county in which the crime shall have been committed; provided that the venue may be changed to any other county of the judicial district in which the indictment is found, upon the application of the accused, in such manner as now is, or may be prescribed by law. . . . [Emphasis added.]
This provision was interpreted as regards "hot check" charges in Edwardsv. State, 232 Ark. 403, 337 S.W.2d 865 (1960). It was held therein that the "prosecuting attorney of Garland County" did not have authority to file charges in Garland County Circuit Court for a check which was executed and delivered in Pulaski County. More specifically, it was held that the Garland County Circuit Court did not have jurisdiction of the charges under Arkansas Constitution, art. 2, § 10. The court stated:
 We have held that jurisdiction of statutory offenses is within the county where the crime is committed. [Citation omitted.] The venue of the offense charged is not transitory [citation omitted], and the alleged violation was consummated when the check was executed in Pulaski County and delivered to the payee in Pulaski County. . . . It is therefore clear, in the cause before us, that if Edwards committed a criminal offense, same was committed in Pulaski County, and not in Garland County, and the Circuit Court of the latter county was without jurisdiction.
232 Ark. at 404-405.
It is in my opinion clear, from the language above, that a prosecuting attorney does not have authority to file "hot check" charges in a county where a collection agency is located, if this is not also where the check was executed and delivered. The court in that county would not have "jurisdiction" of the charges. It is my opinion similarly, that a prosecuting attorney in the county of the "home office" of a merchant would not have authority to file charges in a court of the "home office" county, if the check was not executed or delivered in that county. Each of the actions above would appear to be violative of Arkansas Constitution, art. 2, § 10, and would be, as interpreted by the Arkansas Supreme Court, fatal to the jurisdiction of the case. Id. See alsogenerally, Ward v. State, 77 Ark. 19 (1905) (the venue of a criminal case is jurisdictional, and must be proven by the state); and Dougan v.State, 30 Ark. 41 (1875) (under the constitution of 1874, the legislature cannot invest a court with jurisdiction of crimes committed beyond the limits of the county).[1]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] To the extent A.C.A. § 5-37-306 authorizes a contrary result, it may be subject to challenge under Arkansas Constitution, art. 2, § 10. In my opinion A.C.A. § 16-88-108 is not relevant to your questions.