Frankie G. MILTON *v.* STATE of Arkansas

CA CR 95-776                                     924 S.W.2d 465

Court of Appeals of Arkansas
Division III
Opinion delivered June 12, 1996

*John H. Bradley,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

OLLY NEAL, Judge. Frankie Milton takes this appeal from his first-degree murder conviction which was entered after a bench trial in the Mississippi County Circuit Court. Milton contends that two of the three confessions he made to the Blytheville Police Department were erroneously admitted at his trial, and, therefore, reversal of his conviction is required. We agree with appellant and, accordingly, reverse the conviction.

Milton was initially arrested on July 12, 1994, eight days after police found the body of a woman named Lisa Thomas in a burned-out residence in Blytheville. The victim had been killed by a gunshot wound to her head on July 3, 1994. The day after appellant was arrested near Carlisle, Arkansas, and returned to Blytheville, Milton gave his first custodial statement, in which he denied any involvement in or knowledge of the murder.

On July 15, 1994, at a 9:00 a.m. hearing, the presiding magistrate found probable cause to charge Milton with first-degree murder and contemporaneously appointed the Mississippi County Public Defender's Office to represent appellant. Appellant gave his second statement to police officers later that day and a third on July 18th, three days later. Both the second and third statements were inculpatory. In his second statement, appellant confessed his presence at the crime scene, but claimed that he held the victim's arm while another man fired the fatal shot. In his July 18th statement, appellant admitted he fired the murder weapon.

A formal order appointing the public defender to represent appellant was entered on March 6, 1995, and appellant filed his Motion to Suppress. On March 21st, a *Denno* hearing was conducted on appellant's motion. At the hearing, the State presented the testimony of the officers who interrogated appellant, the magistrate who made the initial appointment of counsel and the Blytheville Municipal Court Deputy Clerk, who was charged with maintaining court records.

Officer James Sanders testified that he, Lieutenant Glen Lester, and Detective Marvin Crawford were all present during the tape-recorded portion of appellant's July 15th interview and that none of the officers threatened, coerced, or made any promises to appellant. Lieutenant Lester, who was present during the entire interview, corroborated Sanders's account of the second interview, and, in addition, testified that he witnessed appellant sign a waiver of rights

form. Lieutenant Lester also testified that he and Detective Crawford were present during the July 18th interview with appellant and that he, Lester, signed as a witness on the third waiver-of-rights form appellant executed. Both Sanders and Lester admitted that Milton never requested that his statement be taken and that all three confessions appellant gave resulted from police-initiated interrogations. All three officers denied knowing that appellant was represented by counsel and claimed that appellant never attempted to invoke his right to have an attorney present.

The Municipal Clerk Deputy, Grace Haney, testified that she specifically remembered appellant's March 15, 1994, probable-cause hearing, but couldn't remember which deputy prosecutor represented the State on that date. According to Ms. Haney, Guy Long, a local attorney, presided over the hearing. Attorney Guy Long, who was also called as a defense witness, admitted that he acted as sitting judge at appellant's probable-cause hearing, and that it was he who made the finding of probable cause to charge appellant with murder in the first degree. Mr. Long stated that he appointed the public defender's office to represent appellant, advised appellant of his right to counsel, and made certain that appellant was aware the public defender had been appointed to represent him. Finally, according to Mr. Long, Deputy Prosecuting Attorney Marvin Childers, who was present, filled out the affidavits necessary for the appointment and Long signed them.

Based on the evidence presented at the hearing, appellant's motion to suppress was denied. After the subsequent trial on the merits before the court, appellant was convicted of the offense of murder in the first degree and sentenced to thirty years in the Arkansas Department of Correction.

Appellant's only argument is that the taking of his second and third statements violated his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel and, therefore, that both statements should have been suppressed. Relying on *Bussard* v. *State*, 295 Ark. 72, 747 S.W.2d 71 (1988) and *Sutherland* v. *State*, 299 Ark. 86, 771 S.W.2d 264 (1989), appellant contends that his Sixth Amendment right to counsel attached upon his arrest, and after counsel had been appointed to represent him he was not subject to further interrogation by the authorities unless he himself initiated that contact.

■ In reviewing a trial court's denial of a motion to suppress a confession, we view the evidence in the light most favorable to the State and make an independent determination based on the totality of the circumstances of whether the accused knowingly, voluntarily, and intelligently waived his right to remain silent. *Morris v. State*, 302 Ark. 532, 792 S.W.2d 288 (1990). We only reverse if the decision to suppress was clearly against the preponderance of the evidence. *Id.*

■ Appellant is correct in his statements that police-initiated contact is prohibited after a criminal defendant expresses a desire to deal with the police only through counsel and that any subsequent waiver of rights is invalid and renders a resulting confession inadmissible. *See Bussard v. State*, 295 Ark. 72, 747 S.W.2d 71 (1988), and *Sutherland v. State*, 299 Ark. 86, 771 S.W.2d 264 (1989). In the present case, however, although it is clear from the record that the acting magistrate who presided over appellant's probable-cause hearing designated the Mississippi County public defender's office as counsel for appellant, nothing in the record shows that appellant requested the appointment or ever made any other objective indication that he desired the representation. However, the record does show that a deputy prosecuting attorney was present when an attorney was appointed to represent appellant, and that some representatives of the local police department escorted appellant to the hearing.

■ The Supreme Court's holding in *Sutherland* seems to indicate that the fact of the appointment is enough by itself to invalidate a subsequent waiver of rights by a defendant where the police initiate the subsequent contact. However, in a more recent case, *Lanes v. State*, 53 Ark. App. 266, 922 S.W.2d 349 (1996), we discussed the standards set out in *Michigan v. Jackson* and *Edwards v. Arizona*, which were relied on in both *Sutherland* and *Bussard*. There, we stated:

> The critical difference...between *Michigan v. Jackson* and the case at bar is that in *Jackson*, both *Jackson* and [his co-defendant] *asked* that counsel be appointed to represent them. Here, appellant made no request for counsel and was unaware that counsel had been appointed. In *Moran v. Burbine*, 475 U.S. 412, 422 (1986), the Court said, "Events occurring outside of the presence of the suspect and entirely unknown to him surely can have no bearing on the capacity

to comprehend and knowingly relinquish a constitutional right." (Citations omitted.) We conclude that the trial court's determination that both the waiver and the statement were knowingly given should be affirmed.

This case is distinguishable from *Lanes* in that here, both appellant and the local authorities were aware that the court had provided an attorney for appellant while in *Lanes*, the appellant, not knowing that counsel had been appointed for him, sought other counsel. The record in *Lanes* was also sufficient to establish that none of the interrogating officers had constructive knowledge of the appointment.

Because appellant was aware that he had an attorney and the interrogating officers had at least constructive knowledge of that fact, reversal of appellant's conviction is required.

Reversed and remanded.

ROBBINS and ROGERS, JJ., agree.