Detric L. CONWAY *v.* STATE of Arkansas

CA CR 97-1376                                              969 S.W.2d 669

Court of Appeals of Arkansas
Division I
Opinion delivered May 13, 1998

*Daniel D. Becker* and *Ann C. Hill,* for appellant.

*Winston Bryant,* Att'y Gen., by: *C. Joseph Cordi, Jr.,* Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Detric L. Conway appeals his conviction in a Garland County jury trial of theft by receiving property worth over $500. He received a thirty-year sentence in the Arkansas Department of Correction as an habitual offender. On appeal, Conway raises two arguments: 1) the trial court erred in admitting his statement to police that he owned the vehicle he was driving, in violation of his *Miranda* rights; and 2) the use of AMCI 3605 in instructing the jury violated his right not to testify and conflicted with AMCI 111. We affirm.

On April 2, 1997, Officer Paul Norris of the Hot Springs Police Department made a traffic stop of Conway. The bronze-colored 1981 Cadillac Fleetwood that Conway was driving had no license plate. Conway was unable to produce a driver's license, proof of insurance, or proof of registration, but told the officer that it was his car. Officer Norris gave Conway traffic citations and told him that he would not be allowed to continue to operate the vehicle without tags, registration, proof of insurance, and a driver's license. Conway was allowed to park the car at a nearby gas station, and Norris ended the encounter. At the time, Conway was not suspected of any other criminal activity. According to Officer Norris, a check of the vehicle identification number conducted at that time revealed that the car was not stolen.

On April 3, 1997, Hot Springs Police Department Lieutenant Bob Southard, who backed up Officer Norris on the traffic

stop the day before, again stopped Conway for driving the bronze-colored 1981 Cadillac. This time the vehicle bore a fictitious plate, and Conway was arrested. When the police conducted an inventory search of the vehicle, they discovered several stereo speakers and other stereo components.

Detective Gary Hawkins traced the stereo speakers and components found in Conway's vehicle to burglaries at W.C.'s Pawn Shop and the residence of James Kidd. Wade Singleton, the owner of W.C.'s Pawn Shop, and James Kidd subsequently identified the items as their property.

Conway was charged by information with theft by receiving property valued in excess of $500. The information also alleged that Conway was an habitual offender and reflected that he had been convicted of Criminal Attempt to Commit Burglary on September 19, 1995, two counts of felony Theft by Receiving on October 26, 1993, one count of felony Theft by Receiving on October 27, 1992, and Breaking or Entering on August 17, 1992.

Trial was held on July 11, 1997. Conway moved to suppress his statement that he owned the 1981 bronze-colored Cadillac, made during the April 2, 1997, traffic stop. The motion was denied. At the close of the trial, Conway objected to the use of AMCI 3605, and proffered a version that did not include the unexplained-possession-of-stolen-property presumption. The trial court overruled the objection.

Conway first argues that the trial court erred in admitting his statement. Relying on *Miranda v. Arizona*, 384 U.S. 436 (1965), Conway asserts that his statement that he owned the vehicle he was driving at the time of the April 2, 1997, traffic stop should not have been admitted because the circumstances under which he gave the statement constituted custodial interrogation and he was not given his *Miranda* warnings. This argument is without merit.

■ The statement that Conway seeks to have suppressed was given in the course of a routine traffic stop, while he remained seated in his car. In *Berkemer v. McCarty*, 468 U.S. 420 (1984), the U.S. Supreme Court held that an individual in this situation is not subjected to restraints comparable to those associated with a for-

mal arrest and therefore it does not constitute custodial interrogation for *Miranda* purposes. *See Manatt v. State*, 311 Ark. 17, 842 S.W.2d 845 (1992)(holding that where officer issued offender a citation in lieu of arrest after a routine traffic stop, the accused was not "in custody" for purposes of Miranda warnings).

When this court reviews a trial court's denial of a motion to suppress an inculpatory statement, it makes an independent determination based on the totality of the circumstances, and only reverses if the trial court's decision was clearly against the preponderance of the evidence. *Milton v. State*, 54 Ark. App. 96, 924 S.W.2d 465 (1996). Under the totality of the circumstances standard, the trial court's decision not to suppress Conway's statement is not clearly erroneous.

Conway next argues that the use of AMCI 3605 in instructions to the jury violated his right not to testify and conflicted with AMCI 111. Citing Article 2, § 8, of the Arkansas Constitution, Conway asserts that he has an absolute right not to testify, and that right was promulgated to the jury at his trial in AMCI 111. He argues, however, that AMCI 3605, another jury instruction used in his trial, directly conflicts with this right. The offending jury instruction stated:

> Detric L. Conway is charged with the offense of Theft by receiving. To sustain this charge, the State must prove beyond a reasonable doubt that Detric L. Conway acquired possession or control of stolen property of another person, knowing or having good reason to believe that it was stolen.
>
> *If you find that Detric L. Conway was in unexplained possession or control of recently stolen property, you may consider that fact* along with all the other evidence in the case in deciding whether Detric L. Conway knew or believed that the property was stolen.

(Emphasis added.) Conway asserts that AMCI 3605 forced the jury to consider his failure to explain his possession of the stolen property, and thus is in conflict with his absolute right not to testify.

Conway acknowledges that the supreme court has turned aside similar challenges to this instruction in *Grooms v. State*, 283 Ark. 224, 675 S.W.2d 353 (1984), *Newton v. State*, 271 Ark. 427, 609 S.W.2d 328 (1980), *Petty v. State*, 245 Ark. 808, 434 S.W.2d

602 (1968), and *Hammond v. State*, 244 Ark. 1113, 428 S.W.2d 639 (1968), and that this court does not have the authority to overrule these cases, but asks that this case be certified to the supreme court to reconsider and overturn these decisions. Relying on *Wells v. State*, 102 Ark. 627, 145 S.W. 531 (1912), Conway asserts that the conflict between AMCI 111 and AMCI 3605 violates his right to have his case submitted on correct instructions, because the jury could only follow one or the other, but not both.

■ However, this very argument was rejected in *Grooms v. State, supra*, and *Hammond v. State, supra*. The validity of the instruction was similarly upheld, albeit in the face of different arguments and facts in *Newton v. State, supra* (holding that the instruction was not an impermissible comment on the evidence where both appellants testified and denied knowing that the property was stolen), and *Petty v. State, supra* (holding that a permissible inference is not a comment on the weight of the evidence). The supreme court has had the opportunity to address the constitutionality of AMCI 3605 as recently as 1994, in *Dunham v. State*, 315 Ark. 580, 868 S.W.2d 496 (1994), but did not disturb its earlier holdings.

■ Moreover, in *Barnes v. United States*, 412 U.S. 837 (1973), the United States Supreme Court upheld the validity of a similar jury instruction in the face of a virtually identical argument. The court in *Barnes* held that the permissive inference promulgated by the jury instruction did not infringe on the accused's privilege against self-incrimination.

■ This court cannot overrule precedent handed down by our supreme court, *Roark v. State*, 46 Ark. App. 49, 876 S.W.2d 596 (1994), and we do not see such an obvious flaw in the basis of these decisions as to warrant certification to the supreme court for reconsideration.

Affirmed.

ROBBINS, C.J., and BIRD, J., agree.